## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert C. Bode

v.

James W. Pearson and
Commonwealth of Virginia

August 31, 1987

Case No. N-4299-4

By JUDGE ROBERT W. DULING

This matter is before the Court on the defendant Commonwealth of Virginia's Motion for Summary Judgment. The Court has before it the pleadings, the motions, and the letter memoranda of counsel.

Basically, the parties are in agreement as to the following factual matters.

1. Robert C. Bode, an attorney, was retained by James W. Pearson on or about January 10, 1977, to pursue recovery from the Commonwealth of Virginia, or others, for injuries sustained by Mr. Pearson on July 23, 1975, in his capacity as an employee of the Virginia Department of Corrections.

2. On two occasions, January 10, 1977, and September 9, 1985, Mr. Bode and Mr. Pearson entered into "agreements." The first agreement of January 10, 1977, indicated that, as compensation for services, Mr. Bode would receive "one third of any recovery." The second "agreement" dated September 9, 1985, pertains more specifically to the matter to be considered by the General Assembly and makes reference to a fee of "one-third of any funds recovered on Mr. Pearson's behalf from any source." Both agreements have additional statements concerning costs, expenses, etc.

3. On July 1, 1986, the General Assembly enacted a relief measure (House Bill 8) wherein Mr. Pearson was awarded the sum of $58,000.00, and wherein the General Assembly, as respects attorney's fees, stated, "Attorney's fees shall not exceed twenty percent of the amount of relief."

Mr. Bode attacks the limitation contained within the act for the relief of James W. Pearson which states, "Whereas, there now remain no means by which Mr. Pearson may seek or obtain legal relief, save by action of this body. . . ."

After reviewing the file in its entirety, including but not limited to copies of the billings sent by Mr. Bode to Mr. Pearson, the Court is convinced that Mr. Bode was aware of the inclusion of the language pertaining to the limitation of attorney's fees in the Act, and acquiesced therein.

Considering the purpose to be accomplished by the relief act, the Court is of the opinion that the General Assembly is acting within its power to limit attorney's fees and that such action is not constitutionally infirm.

Once the fee was set, this Court is of the opinion that Mr. Bode could not, by a revision of his billings, secure a fee greater than that approved by the General Assembly.

As in this case, where the matter involved is a statutorily creative privilege and a right not generally afforded except for special legislation, the party should expect and foresee clarification and modification of any prior contractual arrangements that may benefit from the legislation.

While the use of the word "recovery" is far-reaching, one must consider that, but for the act of relief itself, no award would otherwise have been forthcoming. Hence it is not unreasonable to expect both Mr. Pearson and Mr. Bode to be bound by its content.

The Court is impressed by the reasoning in the case of *Calhoun v. Massie*, 123 Va. 673 (1918). Whether the relief called for in the act would be paid or not, and the conditions of such payment, depended solely upon the will and desire of the General Assembly. Nothing prevented the General Assembly from imposing whatever conditions it deemed appropriate, and whatever conditions

it might see fit to impose with reference to the payment of the relief act. The General Assembly had a right to reject the act in its entirety or to attach conditions to its payment as it saw fit. The relief act, by the nature of its terms, precludes any contention that the contract in this matter could be made to impose a personal obligation on Mr. Pearson to pay additional attorney's fees, even from funds other than those derived from the benefits of the relief act. Therefore, the condition as to attorney's fees set forth in the relief act is, in the opinion of this Court, conclusive of this case.

Summary judgment will be granted and the complaint dismissed.